## AFFIDAVIT IN SUPPORT OF A CRIMINAL
## COMPLAINT/ARREST WARRANT

I, Brad Smith, Special Agent, Drug Enforcement Administration (DEA), Hampton, Virginia, being duly sworn, state the following:

1.     I am a Special Agent with the United States Drug Enforcement Administration (DEA), where I have worked since March 2004. Before joining the DEA, I was a police officer for seven years in Hampton, Virginia, spending three of those years assigned to a narcotics investigation unit and two years as a Task Force Agent assigned to the Bureau of Alcohol, Tobacco and Firearms (ATF). With DEA I was assigned to the DEA Miami Field Division until October 2016 when I transferred to the Washington Field Division and am currently assigned to the Hampton Post of Duty. I have received specialized training regarding the detection and investigation of drug trafficking organizations while with the police department and the DEA. I have also acquired knowledge regarding these subject areas through practical experience by participating in narcotics investigations during my work with the police department and DEA.

2.     I have probable cause to believe that Julio Luis ROSADO Benitez, Maunel Alexi QUIJIJE Mero, Oscar Arcenio SANCHEZ Garcia and Kevin Antonio FRANCO Bonilla have committed the following offense in violation of federal law:  Manufacture, Distribution, or Possession of a Controlled Substance on a Vessel (46 U.S.C. § 70503). Your affiant is aware these crimes may be prosecuted in any district of the United States. (46 U.S.C. § 70504).

## PROBABLE CAUSE IN SUPPORT OF ARREST WARRANT

1.     Since November 2018, the DEA Hampton Post of Duty, in partnership with Homeland Security Investigations Norfolk and DEA Bogota, have been investigating maritime smuggling operations based on the Pacific coast of Colombia as well as throughout the

Caribbean. Your affiant is aware that drug trafficking organizations will utilize vessels such as Go-Fast Vessels, hereafter referred to as GFV, to transport multi-hundred kilogram shipments of narcotics from source countries to awaiting transfer vessels or other destinations with final distribution being the United States of America.

2.      On January 24, 2021, while on routine patrol, a marine patrol aircraft detected three targets of interest traveling at a high rate of speed approximately 400 nautical miles southwest of the border of Mexico and Guatemala. United States Coast Guard Cutter (USCGC) Bertholf diverted to intercept and launched a helicopter as well as various small boats.

3.      The first target of interest was described as an open hulled go fast vessel, hereafter GFV 1, having two persons on board with visible fuel barrels and packages of suspected contraband on the deck. As the crew of GFV 1 observed the helicopter overhead they stopped, jettisoned the packages of suspected contraband overboard then continued to flee in a northward direction at a high rate of speed. After a short pursuit, GFV 1 became compliant and a USCG boarding team established positive control of GFV 1. There was no indicia of nationality observed on GFV 1 but the crew, consisting of Oscar Arcenio SANCHEZ Garcia and Kevin Antonio FRANCO Bonilla, claimed Ecuadorian nationality. The government of Ecuador could neither confirm nor deny nationality of GFV 1. The USCG boarding team recovered a total of seven (7) of the jettisoned bales that contained approximately 120 kilograms of a substance that tested positive for cocaine. Oscar Arcenio SANCHEZ Garcia and Kevin Antonio FRANCO Bonilla were detained and are being transported to the Eastern District of Virginia for prosecution.

4.      At the same time, additional small boats conducted an interdiction of a second target of interest described as an open hulled go fast vessel, hereafter GFV 2, with no registration



number but the name "ENRIQUE" on the side. GFV 2 was immediately compliant and the crew, consisting of Julio Luis ROSADO Benitez and Maunel Alexi QUIJIJE Mero, claimed Ecuadorian nationality with a home port of Manta, Ecuador. The government of Ecuador could neither confirm nor deny nationality of GFV 2.

5.    The boarding team observed a three foot by four foot area in the amidships section of GFV 2 that appeared to be fresh paint and new fiberglass. A minimally intrusive search of this area revealed a white powder that tested positive for cocaine. An invasive search of the amidships area revealed that approximately 600 kilograms of a substance that tested positive for cocaine had been secreted in the hull of GFV 2. Julio Luis ROSADO Benitez and Maunel Alexi QUIJIJE Mero were detained and are being transported to the Eastern District of Virginia for prosecution.

6.    During this time, a third target of interest that had been on a path towards GFV 1 and GFV 2, observed law enforcement and attempted to flee. This target of interest is described as an open hulled go fast vessel, hereafter GFV 3, with two subjects on board and fuel barrels on the deck. After a brief pursuit GFV 3 became compliant and a USCG boarding team obtained positive control of the vessel. The crew of GFV 3 claimed Mexican nationality and the government of Mexico granted the USCG boarding authority under Mexican authority. On board GFV 3 the boarding team located multiple fuel barrels, personal items and two pick axes. The condition of GFV 3 was not conducive to Ion Scans and no contraband was located. GFV 3 was documented and released.

WHEREFORE, based upon the above information, your Affiant believes probable cause exists to charge Julio Luis ROSADO Benitez, Maunel Alexi QUIJIJE Mero, Oscar Arcenio

SANCHEZ Garcia and Kevin Antonio FRANCO Bonilla with Manufacture, Distribution, or

Possession of a Controlled Substance on a Vessel (46 U.S.C. § 70503).

FURTHER YOUR AFFIANT SAYETH NOT.

Brad Smith, Special Agent
Drug Enforcement Administration

Reviewed by:

Eric M Hurt
Assistant United States Attorney

Sworn and subscribed to
before me telephonically
On this 3/ day of February 2021

Douglas E. Miller
United States Magistrate Judge
Norfolk, Virginia